IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



HEPHZIBAH BATES,

    Plaintiff,

v.                                  Civil Action No. 3:14cv680

CHARLIE DICKENS,
et al.

    Defendants.


HEPHZIBAH BATES,

    Plaintiff,

v.                                  Civil Action No. 3:14cv756

VALERY BROWN,
et al.,

    Defendants.


HEPHZIBAH BATES,

    Plaintiff,

v.                                  Civil Action No. 3:14cv763

MELVIN HUGHES,
et al.,

    Defendants.

```
IRENE ELIZABETH JENKINS BATES,
HEPHZIBAH BATES,

        Plaintiff,

v.                                          Civil Action No. 3:14cv769

IRENE C. DICKENS,
et al.,

        Defendants.



HEPHZIBAH BATES,

        Plaintiff,

v.                                          Civil Action No. 3:14cv770

UNITED STATES DEPARTMENT
OF JUSTICE, Investigators
Department,

        Defendant.



HEPHZIBAH BATES,

        Plaintiff,

v.                                          Civil Action No. 3:14cv781

UNITED STATES POST OFFICE,

        Defendant.
```

HEPHZIBAH BATES,

    Plaintiff,

v.                                                  Civil Action No. 3:14cv842

FAY DAMON,
et al.,

    Defendants.


HEPHZIBAH BATES,

    Plaintiff,

v.                                                  Civil Action No. 3:14cv843

CHADWICK BOSEMAN
a/k/a CHARLES BROWN,

    Defendant.


HEPHZIBAH BATES,

    Plaintiff,

v.                                                  Civil Action No. 3:14cv844

EQUIFAX CREDIT UNION,
et al.,

    Defendants.

HEPHZIBAH BATES,

    Plaintiff,

v.                                      Civil Action No. 3:15cv63

MEDICAL COLLEGE OF
VIRGINIA HOSPITALS,

    Defendant.


HEPHZIBAH BATES,

    Plaintiff,

v.                                      Civil Action No. 3:15v95

CLERK, SUPREME COURT OF VIRGINIA,

    Defendant.


HEPHZIBAH BATES,

    Plaintiff,

v.                                      Civil Action No. 3:15v109

US MARSHALS,

    Defendant.

4

HEPHZIBAH BATES,

    Plaintiff,

v.                                                Civil Action No. 3:15cv110

JOHN L. NEWBY, II, Office
of the Commissioner,
Department of Veterans Services,

    Defendant.


HEPHZIBAH BATES,

    Plaintiff,

v.                                                Civil Action No. 3:15cv193

JEFFREY LACKER, President,
The Federal Reserve Bank
of Virginia,

    Defendant.


HEPHZIBAH BATES,

    Plaintiff,

v.                                                Civil Action No. 3:15cv232

JEFFREY LACKER, President,
The Federal Reserve Bank
of Virginia,

    Defendant.

HEPHZIBAH BATES,

    Plaintiff,

v.                                          Civil Action No. 3:15cv233

EMPLOYEES, VIRGINIA CAPITOL
POLICE DEPARTMENT,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court as the result of an ORDER entered herein on April 29, 2016 (ECF No. 10 in 3:14cv756, 3:14cv842, 3:14cv843, 3:14cv844, 3:15cv63, 3:15cv95, 3:15cv109, 3:15cv110, 3:15cv193, 3:15cv232, and 3:15cv233; ECF No. 11 in 3:14cv680, 3:14cv763, 3:14cv769, 3:14cv770, and 3:14cv781), by which the plaintiff, Hephzibah Bates, was ordered to show cause, by May 31, 2016, why the Court should not impose sanctions as an alternative to the injunction previously issued by this Court which was vacated by a decision of the United States Court of Appeals for the Fourth Circuit on October 15, 2015. Among the sanctions under consideration are:

(1) entry of an injunction prohibiting the plaintiff from filing any action that involves the subject matter of the Complaints filed by the plaintiff in these sixteen cases:

                                                         Civil Action
            <u>Case</u>                                         <u>Number</u>

6

| Case | |
|---|---|
| Bates v. Dickens, et al. | 3:14cv680 |
| Bates v. Brown, et al. | 3:14cv756 |
| Bates v. Hughes, et al. | 3:14cv763 |
| Bates v. Dickens, et al. | 3:14cv769 |
| Bates v. United States Department of Justice | 3:14cv770 |
| Bates v. United States Postal Office | 3:14cv781 |
| Bates v. Damon, et al. | 3:14cv842 |
| Bates v. Boseman | 3:14cv843 |
| Bates v. Equifax Credit Union, et al. | 3:14cv844 |
| Bates v. Medical College of Virginia Hospitals | 3:15cv63 |
| Bates v. Clerk, Supreme Court of Virginia | 3:15cv95 |
| Bates v. US Marshals | 3:15cv109 |
| Bates v. Newby | 3:15cv110 |
| Bates v. Lacker | 3:15cv193 |
| Bates v. Lacker | 3:15cv232 |
| Bates v. Employees, Virginia Capitol Police Department | 3:15cv233 |

(2) entry of an injunction prohibiting the plaintiff from filing any action that involves the subject matter of the Complaints filed by the plaintiff in the following previously dismissed cases (all of which were dismissed with prejudice as delusional and frivolous and none of which have been reversed by the United States Court of Appeals for the Fourth Circuit and some of which have been affirmed by that Court):

| Case | Civil Action Number |
|---|---|
| Bates v. Nunley | 3:12cv211 |
| Bates v. Nunley, et al. | 3:12cv269 |
| Bates v. Queen Elizabeth II, et al. | 3:12cv519 |
| Bates v. McDonnell | 3:12cv643 |
| Bates v. Obama | 3:12cv649 |
| Bates v. Fallon | 3:13cv300 |
| Bates v. Nunley | 3:13cv642 |
| Bates v. Nunley | 3:13cv648 |

7

| | |
|---|---|
| <u>Bates v. Thompson</u> | 3:14cv65 |
| <u>Bates v. Thomas</u> | 3:14cv164 |
| <u>Bates v. CBS News</u> | 3:14cv165 |
| <u>Bates v. Virginia State Police Department</u> | 3:14cv193 |
| <u>Bates v. Federal Reserve Bank of Richmond</u> | 3:14cv320 |
| <u>Bates v. Jenkins</u> | 3:14cv322 |
| <u>Bates v. Nunley</u> | 3:14cv380 |
| <u>Bates v. Nunley</u> | 3:14cv381 |

(3) entry of an ORDER prohibiting the filing of any action in this Court involving any other topic without prior approval of the Court; and

(4) imposition of a civil penalty in the amount of $200.00 for the filing of these sixteen frivolous, vexatious and delusional actions: Civil Action Numbers 3:14cv680, 3:14cv756, 3:14cv763, 3:14cv769, 3:14cv770, 3:14cv781, 3:14cv842, 3:14cv843, 3:14cv844, 3:15cv63, 3:15cv95, 3:15cv109, 3:15cv110, 3:15cv193, 3:15cv232 and 3:15cv233 (as to which the Court of Appeals has held that the court justifiably found "to be frivolous, delusional and 'untethered to reality'") and an Order prohibiting the filing of any action in this Court on any subject until that sum is paid in full.

On May 16, 2016, Bates submitted her response to the April 29, 2016 Order to Show Cause in which she stated that she did not think any sanction should be imposed and asked for "permission to keep these case files active, and any Future ones." (ECF No. 11 in Civil Action 3:14cv756, 3:14cv769,

3:14cv770, 3:14cv781, 3:14cv842, 3:14cv843, 3:14cv844, 3:15cv63, 3:15cv95, 3:15cv109, 3:15cv110, 3:15cv193, 3:15cv232 and 3:15cv233; ECF No. 12 in 3:14cv680 and 3:14cv763).

## BACKGROUND

For several years, the plaintiff, Hephzibah Bates, has filed in this Court many civil actions that are based on the allegation that she is the "Fold" of the Queen of England whose undefined rights as "Fold" have been trenched upon by state and federal agencies, corporations, the Governor of Virginia, the President of the United States, and ordinary citizens about whom she has heard or read or encountered. All complaints have something else in common: they have been adjudged either by this Court or by the United States Court of Appeals for the Fourth Circuit, or both to be frivolous, delusional, and untethered to reality. In the past, Bates has been accorded *In Forma Pauperis* status; the complaints have been filed, and then the Complaints have been dismissed.

The nonsensical filings made by Bates have burdened the Office of the Clerk of this Court and have consumed significant judicial resources. In an effort to put a stop to the constant burden visited upon the Court and the judicial system and to end Bates' vexatious use of the judicial system, the Court enjoined Bates from filing actions of the same ilk and with similar

delusional allegations. (ECF No. 5, May 15, 2015, in Civil Action Nos. 3:14cv164, 3:14cv163, 3:14cv193; 3:14cv320; 3:14cv233; 3:14cv380; and 3:14cv381).

Bates was not deterred. She thereafter filed these sixteen cases. Indeed, since March 2016, Bates has filed five more new cases (Civil Action Nos. 3:16cv694; 3:16cv696; 3:16cv697; and 3:16cv698).[1] With the exception of Civil Action No. 3:16cv695, all of those cases are based on allegations involving the claimed status of "Fold" of the Queen of England and the alleged deprivation of rights to which she claims because she is the "Fold." The proffered Complaint in Civil Action No. 3:16cv695 is different, but equally nonsensical. It alleges that former President John F. Kennedy is alive and asks "the Court to analyze the time from Mr. Kennedy's Office as United States President to President Barak Obama's Office" to determine the existence of unspecified constitutional "loopholes." This is but the most recent example of the nonsensical papers that Bates has for several years tendered for filing in this Court.

The injunction order that was vacated by the United States Court of Appeals for the Fourth Circuit was entered after Bates had filed in this Court the thirty-two (32) identified cases in

---

[1] These cases previously had been received on March 22, 2016, June 20, 2016, June 21, 2016, August 11, 2016, and August 11, 2016, respectively, but were not docketed until reviewed by the Court. All were docketed on August 22, 2016.

10

paragraphs (1) and (2) above. All of those cases were dismissed with prejudice, having been found to have been frivolous and delusional. And, as to the sixteen cases which are the subject of the Fourth Circuit's remand order, the Fourth Circuit actually affirmed that each was "frivolous, delusional, and 'untethered to reality.'" The remand was ordered because the Fourth Circuit found that, before entering the pre-filing injunction, this Court had not adequately considered the adequacy of alternative sanctions and because the injunction was not narrowly tailored.

## DISCUSSION

In Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004), the United States Court of Appeals for the Fourth Circuit held that:

> [i]n determining whether a prefiling injunction is substantively warranted, a court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Id. at 818.

In its remand order, the Fourth Circuit affirmed that this Court had satisfied the first three Cromer factors. Thus, it is

11

settled that Bates has a history of vexatious litigation in this Court; that Bates had no good faith basis for pursuing the duplicative litigation that she has filed here; and that the frivolous and delusional filings by Bates placed a heavy burden on the Court's limited resources. The Court reiterates those findings, and notes that, following the remand, Bates has persisted in her burdensome, vexatious conduct by filing five new actions, all of which are utterly frivolous, delusional and untethered to reality and four of which are predicated on Bates' oft-rejected theory that she is the "Fold" of the Queen of England (whatever that may mean) whose rights as "Fold" have somehow been offended.

As an alternative to a pre-filing injunction, the Court has considered the possibility of charging Bates with contempt, as the Fourth Circuit's remand order suggests. That, to this Court, seems to be a harsh alternative to apply to someone who obviously is delusional. A pre-filing injunction is certainly a fairer alternative than a contempt citation.

The Court previously has tried to deter Bates by issuing a written warning from the Court. She has been warned, but to no effect. E.g., Bates v. McDonnell, 3:12cv643. She has filed many similar delusional actions since the warning, including five after the remand order. A pre-filing injunction will have greater effect than the unheeded warnings.

Financial sanctions are a possible alternative sanction as well. Bates has limited financial resources. Her most recent *In Forma Pauperis* Application shows that Bates receives $1,200.00 per month from social security and payments of $16.00 per month from Henrico Social Services. Her expenses total $675.35 per month. That leaves Bates with disposable income of $540.65 per month. Accordingly, the record shows that Bates can afford to pay the filing fee of $400.00, if, of course, she does not engage in the kind of serial filings[2] that she has in the past. If Bates paid the filing fee for a single case, she would be left with disposable income of $140.65 for the month in which she filed. In the past, the Court has attempted to accord Bates leniency in deciding whether to grant *In Forma Pauperis* status.

However, there is no right to *In Forma Pauperis* status. And, the Court finds that Bates has forfeited this discretionary benefit because she has habitually abused it in the filing of frivolous, delusional and vexatious litigation. Thus, Bates shall not henceforth be entitled to *In Forma Pauperis* status when pursuing claims that are more of the same frivolous, delusional and vexatious cases that have been rejected by this

---

[2] As an example, Bates' most recent filings have been on June 21, 2016, June 20, 2016, and two on August 11, 2016. Those cases are not the subject of this Memorandum Opinion but they are illustrative of Bates' prolific filing habits. And, she could not, of course, afford to pay two filings fees in June and then two in August.

Court and the Court of Appeals in the cases identified in paragraphs (1) and (2) above, to wit:

| Case | Civil Action Number |
|---|---|
| Bates v. Nunley | 3:12cv211 |
| Bates v. Nunley, et al. | 3:12cv269 |
| Bates v. Queen Elizabeth II, et al. | 3:12cv519 |
| Bates v. McDonnell | 3:12cv643 |
| Bates v. Obama | 3:12cv649 |
| Bates v. Fallon | 3:13cv300 |
| Bates v. Nunley | 3:13cv642 |
| Bates v. Nunley | 3:13cv648 |
| Bates v. Thompson | 3:14cv65 |
| Bates v. Thomas | 3:14cv164 |
| Bates v. CBS News | 3:14cv165 |
| Bates v. Virginia State Police Department | 3:14cv193 |
| Bates v. Federal Reserve Bank of Richmond | 3:14cv320 |
| Bates v. Jenkins | 3:14cv322 |
| Bates v. Nunley | 3:14cv380 |
| Bates v. Nunley | 3:14cv381 |
| Bates v. Dickens, et al. | 3:14cv680 |
| Bates v. Brown, et al. | 3:14cv756 |
| Bates v. Hughes, et al. | 3:14cv763 |
| Bates v. Dickens, et al. | 3:14cv769 |
| Bates v. United States Department of Justice | 3:14cv770 |
| Bates v. United States Postal Office | 3:14cv781 |
| Bates v. Damon, et al. | 3:14cv842 |
| Bates v. Boseman | 3:14cv843 |
| Bates v. Equifax Credit Union, et al. | 3:14cv844 |
| Bates v. Medical College of Virginia Hospitals | 3:15cv63 |
| Bates v. Clerk, Supreme Court of Virginia | 3:15cv95 |
| Bates v. US Marshals | 3:15cv109 |
| Bates v. Newby | 3:15cv110 |
| Bates v. Lacker | 3:15cv193 |

<u>Bates v. Lacker</u>                                  3:15cv232
<u>Bates v. Employees, Virginia Capitol
    Police Department</u>                             3:15cv233[3]

Also, the record shows that Bates can afford to pay a monetary penalty for failing to heed previous warnings and filing numerous cases predicated on theories that have been adjudicated as frivolous and delusional. However, given that Bates has forfeited the privilege of being accorded *In Forma Pauperis* status for future cases that involve theories that appear in the above identified thirty-two (32) cases, and because a pre-filing injunction will be imposed as set forth below, the Court concludes that it is not necessary also to impose a monetary sanction to be paid as a condition to any future filings.

Finally, given Bates' demonstrated propensity to file frivolous, delusional, and vexatious litigation and her refusal to heed previous warnings, a pre-filing injunction is necessary. Therefore, Bates will be permanently enjoined from filing in this Court, any case without first tendering a Motion For Leave To File A Complaint, accompanied by the proffered Complaint, for review by a judge of this Court to assure that Bates is not filing actions on the basis of allegations that are, or that

---

[3] The Court will consider *de novo* any application for *In Forma Pauperis* status in any case not involving the theories of the thirty-two (32) cases listed above.

15

previously have been determined to be, frivolous, delusional, or vexatious.

## CONCLUSION

This combination of sanctions should foreclose further burden on the Clerk and the Court by having to review and process complaints based on theories and notions that have previously been rejected as fanciful, delusional and untethered to reality, and it will assure that any new filings are based on colorable grounds for relief. At the same time, Bates will not be subject to the harsh sanction of contempt. And, she will be able to prosecute any non-frivolous, non-delusional case if she should have one. An appropriate Order will be issued.

The Clerk is directed to send a copy of this Memorandum Opinion to the plaintiff.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 25, 2016